# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFF ROGERS, et al., | CASE NO. CV F 09-2107 LJO DLB |
| Plaintiffs, | **ORDER TO DISMISS REMAINING DEFENDANT** |
| vs. | (Doc. 8.) |
| CAL STATE MORTGAGE CO. INC., et al., | |
| Defendants. / | |

## BACKGROUND

This Court's January 11, 2010 order ("January 11 order") dismissed defendant American General Financial Services, Inc. and required plaintiffs Cliff Rogers and Glenna Rogers (collectively "Mr. and Mrs. Rogers"), no later than January 18, 2010, to file papers to show cause why this Court should not dismiss this action against remaining defendant Cal State Mortgage Co. Inc. The January 11 order "**ADMONISHES Mr. and Mrs. Rogers and their counsel that this Court will dismiss this action against Cal State Mortgage Co. Inc. if Mr. and Mrs. Rogers' counsel fails to comply with this order and fails to file timely papers to show cause why this Court should not dismiss this action against defendant Cal State Mortgage Co. Inc.**" (Bold in original.) Mr. and Mrs. Rogers and/or their counsel have failed to file papers to show cause why this Court should not dismiss defendant Cal State

Mortgage Co. Inc. to disobey the January 11 order.

## DISCUSSION

### Failure To Comply With Orders

This Court's Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these [Local] Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to obey a court order or local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for failure to comply with a court order or local rules or for lack of prosecution, a court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-1261; *Ghazali*, 46 F.3d at 53.

In this case, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal as Mr. and Mrs. Rogers and/or their counsel indicate a lack of interest to further litigate or prosecute this action. The third factor --  risk of prejudice to defendant -- also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed

1 by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that its failure
2 to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.
3 *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-133; *Henderson*, 779 F.2d at 1424.  The January 11
4 order "**ADMONISHES Mr. and Mrs. Rogers and their counsel that this Court will dismiss this**
5 **action against Cal State Mortgage Co. Inc. if Mr. and Mrs. Rogers' counsel fails to comply with**
6 **this order and fails to file timely papers to show cause why this Court should not dismiss this**
7 **action against defendant Cal State Mortgage Co. Inc.**"  (Bold in original.)  Mr. and Mrs. Rogers and
8 their counsel ignored the January 11 order and received adequate warning that dismissal will result from
9 disobedience of this Court's orders and failure to prosecute this action.  Quite simply, Mr. and Mrs.
10 Rogers and their counsel have failed to comply with this Court's order and to meaningfully and
11 intelligently respond.

## CONCLUSION AND ORDER

13 For the reasons discussed above, this Court DISMISSES without prejudice this action against
14 defendant Cal State Mortgage Co. Inc. and DIRECTS the clerk to close this action.
15 IT IS SO ORDERED.

16 **Dated:   January 20, 2010**            /s/ Lawrence J. O'Neill
                                              UNITED STATES DISTRICT JUDGE